IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| RICHARD JOHNSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 10-1643 |
| | : | |
| | : | |
| THE U.S. ATTORNEY'S, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                            **JULY 27, 2010**

      Presently before the Court is Defendants'[1] Motion to Dismiss Plaintiff Richard Johnson's ("Johnson") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, this Motion will be granted.[2]

**I.**       **BACKGROUND**

      This is the fifth pro se action Johnson has brought in this Court since 1998 against

---

[1] Although it is difficult to understand Plaintiff's pro se Complaint because it is incomprehensible at parts, it appears that Plaintiff has named the following parties as Defendants: the United States Attorney's Office; Patrick Meehan, former United States Attorney for the Eastern District of Pennsylvania; Tony West, Assistant Attorney General- Civil Division; Thomas Perez, Assistant Attorney General- Civil Rights Division; H. Marshall Jarrett, Director of the Executive Office for the United States Attorneys; TMJ Unnamed Communications Officer- Civil Division; United States Department of Transportation- Inspector General's Office; Heather Albert, Director- Complaint Center Operations, United States Department of Transportation- Inspector General's Office (collectively the "Federal Defendants"); Theodore Alves ("Alves"); and the National Railroad Passenger Services ("NRPS").

[2] We previously granted Alves's and NRPS's Motion to Dismiss on June 21, 2010.

various defendants based on a business lease dispute. Each action was dismissed by this Court for reasons including failure to state a claim, lack of subject matter jurisdiction, expiration of the applicable statute of limitations, and claim preclusion.³ In this fifth action, Johnson's Complaint

---

³Instead of attempting to summarize the background of Johnson's four previous actions, we include a recitation of the factual and procedural background of these actions as described by the Honorable James T. Giles in Johnson v. Corderio, No. 07-0764, 2007 WL 1775380, at *1-2 (E.D. Pa. June 19, 2007). Judge Giles dismissed this action on the basis of claim preclusion and a statute of limitations defect. Id. at *4. It is notable that Johnson's first two actions were before this Court. Judge Giles summarized Johnson's four previous actions as follows:

> Plaintiff, pro se, filed the first action, Johnson v. U.S. Equity, No. 98-cv-02333, against Defendants U.S. Equity and "Amtrack," or Amtrak, on May 4, 1998, before Judge Robert F. Kelly. Plaintiff brought claims under the Sherman Act, Clayton Act, civil rights violations, Fourteenth Amendment due process rights violations, breach of contract, conversion, and wrongful interference with contract. Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(B)(5), on the basis that it was improperly served and failure to state claims upon which relief could be granted. On September 30, 1998, Judge Kelly dismissed Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5).
>
> Plaintiff filed a Complaint pro se in the second action, Johnson v. U.S. Equity Realty Inc., No. 00-cv-01594, on March 28, 2000, which was never served, and an Amended Complaint on July 14, 2000 against Defendants U.S. Equity Realty, The National Railroad Passenger Services, and Amtrak 30th Street Station a/k/a 30th Street Market. In the Amended Complaint, Plaintiff asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. The court described Plaintiff's claims as follows:
>
>> The essence of Plaintiff's current Amended Complaint appears to be that he had a shoe shine service at 30th Street Station in Philadelphia, Pennsylvania; that he had a lease that was terminated on March 14, 1997; that he had to make lease/rental payments because of threats of lease cancellation in December of 1996, and was also noticed with cancellation in January, February and March of 1997; that he received letters of default "requesting payment of rents on dates not with the lease agreement"; that he was told he had not paid his November and December 1996 rents but he stated that he was up to date; that the shoe shine service at 30th Street Station was subsequently operated by Amtrak or some third party with which Amtrak and/or Amtrak's agents allegedly merged; that this new service operated from a different space, a space that Plaintiff allegedly had previously requested during the period of his lease; that Plaintiff was told that

2

there was someone from New York who could pay more money for the shoeshine location; and Plaintiff alleges that he was placed in default on January 10, 1997.

The Amended Complaint also alleges that Plaintiff was hired by [US Equity Realty] for a job for Amtrak's police in September, 1996, and was paid in November with a post-dated check. He also claims that it was misrepresented to him that someone else was the private owner of his shoeshine stand, although he had allegedly acquired this sight [sic] at 30th Street Station as a result of abandonment. Richard Johnson Honey Shoe Shine Express Servs. v. U.S. Equity Realty, Inc., 125 F. Supp. 2d 695, 697-98 (E.D. Pa. 2000) (citations omitted).

On December 6, 2000, Judge Kelly dismissed the Amended Complaint, finding that it involved the same operative facts as the Complaint in the first action and that Plaintiff's claims were barred by claim preclusion. Id. at 698-99. The court also found that a Philadelphia Municipal Court Judgment between the same parties, Johnson v. U.S. Equities Realty, Inc., Philadelphia Municipal Court, Statement of Claim 99051 2133, precluded Plaintiff's claims in federal court. U.S. Equity Realty, 125 F. Supp. 2d at 699. The court concluded that "any claims for the same payment of monies, based on the same facts, under whatever legal theory, are barred if they could have been raised before the Municipal Court," and that this applied to at least Plaintiff's state law claims. Id.

The third action, Johnson v. Cordeiro, No. 03-cv-00028, was filed pro se on January 3, 2003 before Judge Legrome D. Davis. Plaintiff claimed that the sole defendant in the case, Jose Ribamar Cordeiro, had joined in a conspiracy "to operate an illegal enterprise located at Amtrak's 30th Street Station, in violation of Plaintiff's rights under the Fifth Amendment of the U.S. Constitution." Judge Davis found that Cordeiro's shoeshine stand at 30th Street Station was validly and legally rented and operated and that Plaintiff never had a contract with Amtrak but had assumed the role of shoe shiner at 30th Street Station because the booth in the station was abandoned. Judge Davis dismissed the case with prejudice on August 15, 2003 because of lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and the claim was barred by the applicable statute of limitations.

Plaintiff, pro se, filed the fourth . . . , Johnson v. Corderio, No. 07-cv-00764, on February 26, 2007, against Defendants Jose Corderio (the correct spelling is Cordeiro), Phonix [sic] Shoe Shine, U.S. Equity Realty Inc., and The National Railroad Passenger Services a/k/a Amtrak 30th Street Station Market ("Amtrak"). He alleges violations of RICO, due process violations under the Fifth and Fourteenth Amendments, wrongful interference with contract, conversion, and violations of the Federal Tort Claims Act. He claims that Defendants conspired to unlawfully deprive him of his shoe shine business at 30th Street

3

appears to allege the following allegations focusing on the Federal Defendants' alleged failure to open a criminal investigation into his business lease dispute: (1) violations of his constitutional rights, including the First, Fifth, and Fourteenth Amendments; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; and (3) violation of the federal civil rights statutes, 42 U.S.C. §§ 1983, 1985, and 1986.

On September 16, 2005, while Johnson's third action was pending, Johnson wrote to the United States Attorney's Office in the Eastern District of Pennsylvania ("USAO") regarding his business lease dispute. By letter dated September 20, 2005, the USAO advised Johnson that after reviewing his package of information, it determined that the conduct described no federal violation. (Resp. Mot. Dismiss, Ex. A.) On September 8, 2009, Johnson wrote to the Department of Transportation, Office of Inspector General (the "DOT"), seeking information on how to initiate a criminal investigation regarding his business lease dispute. (Id., Ex. B.) On November 5, 2009, the DOT wrote to Johnson, explaining that it did not have primary oversight over his concerns, and that "appropriate venues may lay with Amtrak and the local courts." (Id., Ex. C.)

Johnson now brings this action against the Federal Defendants apparently because the government would not open a criminal investigation into his business lease dispute. (Compl. at 5.) The Federal Defendants now move to dismiss Johnson's claims under Federal Rules of Civil

---

  Station, deprived him of his business through extortion by billing him for rent he avers he did not owe, and illegally operated a shoe shine business without a proper license.

Id. at *1-3.

Procedure 12(b)(1) and 12(b)(6).

## II. STANDARDS OF REVIEW

### 1. Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410, n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

### 2. Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

5

of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all

well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

### 1. Sovereign Immunity

An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. Ky v. Graham, 473 U.S. 159, 165-66 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." Mitchell, 445 U.S. at 538.

First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Graham, 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, Jennette v. Holsey, No. 06-874, 2006 WL 1984734, at *1 (M.D. Pa. May 31, 2006); Delker v. United States, No. 86-2712, 1986 WL 11701, at *1 (E.D. Pa. Oct. 16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. Davis v. U.S.

7

DOJ, 204 F.3d 723, 726 (7th Cir. 2000); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Biase v. Kaplan, 852 F. Supp. 268 (D.N.J. 1994); Wilson v. Rackmill, No. 87-456, 1990 WL 63504 at *4 (E.D. Pa. May 11, 1990).

"Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" FDIC, 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

**2. State Action**

Johnson's § 1983[4] claim against the Federal Defendants must also be dismissed. As stated in the statute itself, § 1983 applies only in cases of persons acting under color of **state** law. It is well settled that liability under § 1983 will not attach for actions taken under color of federal law. Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001); see also Bethea v. Reid, 445

---

[4]Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

F.2d 1163, 1164 (3d Cir. 1971).

All of the Federal Defendants here acted under the authority of federal law and performed no acts under color of state law. Accordingly, Johnson fails to state a claim against the Federal Defendants under § 1983, and this claim is dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 3. Right to Require the Government to Initiate Criminal Proceedings

In addition to not providing any facts to support his claims, Johnson also does not allege in the Complaint that the Federal Defendants had any involvement with his business lease dispute which occurred thirteen years ago. We agree with the Federal Defendants that the only reason that can be discerned from the Complaint for suing them is because they did not initiate a criminal investigation regarding his business lease dispute. (Comp. at 5). Johnson, however, has no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (holding that under § 1983, individual citizens do not have a constitutional right to the prosecution of alleged criminals). Thus, Johnson does not have a cause of action against the Federal Defendants for failure to initiate criminal proceedings, and the Complaint will be dismissed in its entirety.

An appropriate Order follows.